## McCallum, et al. v. Fletcher.

(Decided October 19, 1923.)

### Appeal from Hardin Circuit Court.

Contracts—Evidence Held Not to Show Modification of Rock-Crushing Contract Included Agreement to Pay Operating Expenses.—In an action for operating expenses of a rock crusher, plaintiff held not to sustain the burden of showing that modification of a rock-crushing contract, whereby defendants were to pay an additional 20 cents per cubic yard, required payment in addition of any sum necessary to meet a deficit in running expenses.

H. L. JAMES and G. K. HOLBERT for appellants.

L. A. FAUREST for appellee.

Opinion of the Court by Judge Thomas—Reversing.

The appellants and defendants below, McCallum and Applegate, owned a rock quarry and were engaged in furnishing crushed rock to builders of public roads. The appellee and plaintiff below, J. Van Fletcher, owned a rock crushed and all equipment necessary for crushing rock. In May, 1920, the parties entered into a contract whereby plaintiff was to furnish his crusher and all equipment and crush rock from defendant's quarry, and they were to take it from the bins and pay plaintiff $1.30 per cubic yard for the crushing. After working under the contract for a short while, plaintiff quit and declined to proceed further because, as he claimed, defendants failed to comply with their agreement to haul the crushed rock from the bins as fast as it was crushed, and for that reason he was caused to lose time in waiting on them, resulting in his operating at a loss. The contract was in writing and after plaintiff quit work under it the parties entered into a parol modification of the written contract, but they differ as to the terms of the modification.

Plaintiff alleged in his petition that the modification was, that defendants agreed to pay him the actual cost of crushing the rock "and promised him that if he would continue to crush rock for them at their said quarry that they would pay him therefor the amount of his weekly payroll and other expenses of doing the said work," and that under the agreement, as so modified, he operated his crusher until about October 20, 1920, but that defendants

refused to pay the expenses for the last two weeks, amounting to $451.15, and he filed this action in the Hardin circuit court to recover that sum, and also $770.90 for damages sustained by him while operating under the original contract because of defendant's failure to carry the crushed rock away as they had agreed to do. The answer was a denial, with a paragraph containing a counterclaim seeking a recovery against plaintiff of $2,000.00, for various failures on his part to comply with his agreements. The affirmative allegations of the answer were controverted of record and a trial before a jury resulted in a verdict in favor of plaintiff for $451.15, upon which judgment was rendered, which the court declined to set aside on defendants' motion for a new trial, and they have appealed.

There is no appeal from the judgment based on the verdict disallowing plaintiff damages for failure of defendants to carry away the crushed rock as they had agreed to do, and it will be unnecessary to further refer to that phase of the case. It is not seriously contended on this appeal that there was any error in the finding and the judgment based thereon, refusing a recovery by defendants on their counterclaim; but if the point was pressed before us we would have no trouble in approving the verdict on that issue, since we are convinced that it was agreed between the parties that plaintiff should be released from all his agreements when sufficient rock was crushed to pave the Cane Run road, and he operated his machine under the modified contract till that was done. So that the only question we need to consider on this appeal is that relating to the item of $451.15, for which plaintiff obtained judgment.

It is needless to say that under the pleadings the burden on him was to prove, not only that defendants in the modified contract agreed to pay the operating expenses, but also that they had failed to do so. On the witness stand he testified to a different modification than the one he alleged in his petition, if we understand his testimony, which is somewhat contradictory and very much confused. As we gather from the record he testified that in the parol modification defendants agreed to increase the original price from $1.30 to $1.50 per cubic yard, but if that increased price did not earn enough to meet expenses, then they would pay the deficit; and we find nowhere in his testimony that the $1.50 per cubic yard

failed to meet his operating expenses, and in the statements which he rendered to defendants (especially those which he seeks to recover) he stated that the sums were for "advancements" for crushing rock at $1.50 per cubic yard, which he says were inserted by him at the request of defendants. When checks were given him covering the items on the statements they would also show what amount was for "advancements." It is furthermore shown that plaintiff on one occasion attempted to demonstrate to defendants that he was operating at a loss under the increased price of $1.50 per cubic yard, but in that calculation he figured his compensation at only 75 cents per cubic yard, when if he had done so at the agreed increased price his net profit would have been $37.50 for the particular day involved. On the other hand, defendants testified that there was no modification of the contract, except to increase the price 20 cents per cubic yard, and that they had paid plaintiff all that was due him, except $136.50, for which they issued their check and mailed it to plaintiff, but which he declined to accept.

There appears in the evidence some collateral facts bearing upon the issue, but which we deem it unnecessary to refer to, since we are convinced that upon the whole record the plaintiff failed to sustain the burden cast upon him by the pleadings and that the court should have so instructed the jury. Upon another trial the investigation will be confined only to the item of alleged unpaid expenses, since for the reasons stated the other matters involved are out of the case, and if the testimony on that issue be substantially the same as on the last trial the court will sustain defendants' motion for a peremptory instruction.

Wherefore, the judgment is reversed with directions to grant a new trial and for proceedings consistent with this opinion.